United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARROLD LATRELL ALEXANDER, *a/k/a Alexis D. Alexander*, TDCJ #00738390 | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3749 |
| DR. LANNETTE LINTHICUM, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darrold Latrell Alexander, a/k/a Alexis D. Alexander, an inmate in the Texas Department of Criminal Justice (TDCJ), representing herself,[1] has filed a complaint under 42 U.S.C. § 1983 alleging violations of the United States Constitution and federal law. Alexander attempts to bring a class action on behalf of herself and others similarly situated, challenging TDCJ policies that affect those inmates who have been diagnosed as gender dysphoric.

After screening the pleadings under 28 U.S.C. §§ 1915 and 1915A, the court concludes that this case must be dismissed.

**I.   Background**

Alexander initiated this civil action in October 2022 by filing a 567-page complaint. Although the complaint was extremely lengthy, it consisted mainly of conclusory allegations devoid of specific facts. The court struck the complaint as failing to comply with Rule 8 of the Federal Rules of Civil Procedure and directed Alexander to file an amended complaint on a court-

---

[1] Alexander identifies as a transgender woman and uses female pronouns in her legal filings.

approved form. (*See* Docket Entry No. 15). The court stressed that a complaint comprised of naked legal assertions without factual allegations does not state a claim for relief. (*See id.*).

Alexander then filed an amended complaint, which is the current live pleading. (*See* Docket Entry No. 23). Alexander sues Bobby Lumpkin, TDCJ's Executive Director; Dr. Lannette Linthicum, the director of TDCJ's Health Services Division; and "Director(s) and Committee Members (2020 – 2021)" of Correctional Managed Health Care.[2] Alexander's main claim is that the defendants are violating the Fourteenth Amendment's Equal Protection Clause. (*See id.* at 4). In particular, Alexander alleges:

> Plaintiff asserts that those Defendant(s) (those named herein this equal protection claim) policies and/or manner of policy administration is/has proven to be a legally and constitutionally defined "moving force" adversely mentally/psychologically impacting plaintiff and her class (i.e., class being the populace of Texas Department of Criminal Justice inmate(s) diagnosed as gender dysphoric – identified within this equal protection claim by plaintiff as "The Alexander Initiative") thus amounting to said Defendant(s) committing unconstitutional class-based and/or gender-based, ministerial misfeasance as policy maker(s) and/or policy administrator(s). Thus violating proscription(s) of the Equal Protection Clause.
>
> . . .
>
> Defendant(s), those named here this Equal Protection Claim purposeful, discriminatory, deprivation of significantly, ameliorative medical and/or mental health treatment for gender dysphoria (continuing purposeful deprivation, et al.) is/has proven to be psychologicaly [sic] injurious and life threatening to plaintiff and her class . . . . I.e. it is an infliction/subjection of them (by said Defendant(s) class-based / gender based ministral [sic] misfeasance et al) to mental, emotional, psychological suffering/anguish (i.e. cruel and unusual punishment) as it is defined by the Eight [sic] Amendment.

(*Id.*; *see also id.* at 30–44).

Alexander further asserts that defendants "Director(s) and Committee Members (2020 – 2021)" of Correctional Managed Health Care have violated the Equal Protection Clause because their policy for the treatment of gender dysphoria inmates is a "blanket ban" type policy, which

---

[2] Alexander uses the acronym "CMHC-DCM" to refer to this defendant.

had denied Alexander "adequate, effective, and individualized mental health treatment . . . ." (*Id.* at 31). Alexander claims that Dr. Linthicum's "manner of administrating defendant CMHC-DCM['s] . . . blanket-ban policy for the treatment of gender dysphoria is (has proven to be) a class-based discriminative manner thereby violating . . . proscriptions of the Equal Protection Clause[.]" (*Id.* at 35). Alexander claims that Dr. Linthicum's administration of the "blanket ban" policy for the treatment of gender dysphoria restricts Alexander from receiving specific gender-transitioning and gender-affirming healthcare. (*Id.* at 36). As to Lumpkin, Alexander alleges that he has failed "to institute specific policies that are inclusive of the particular serious mental health need (i.e., gender dysphoria) of plaintiff" and has failed to amend TDCJ grooming standards. (*Id.* at 39–40).

Alexander also nominally brings claims under the Eighth Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Civil Rights of Institutionalized Persons Act (CRIPA). (*See id.* at 4).

As relief, Alexander seeks "preliminary relief[,] declaratory relief[,] permanent injunctive allocution against all defendant(s)." (*Id.* at 44).

II.     **Standard of Review**

Because Alexander is an inmate who has been granted leave to proceed without prepayment of the filing fee, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In deciding whether the plaintiff's claim must be dismissed, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*,

3

556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the court is mindful that Alexander represents herself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a *pro se* plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalde*r, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   Analysis

Alexander alleges that the defendant state employees violated her constitutional rights. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (*quoting Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). "Section 1983 'is not itself a source of substantive rights,' but merely provides

4

'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or of federal law, and (2) the violation was committed by someone acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.'" *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989), *abrogated on other grounds by Harper v. Harris Cnty., Tex.*, 21 F.3d 597 (5th Cir. 1994)).  For a successful challenge, a plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Baranowski v. Hart*, 486 F.3d 112, 113 (5th Cir. 2007)).

Alexander has failed to provide anything more than conclusional allegations that the defendants purposely discriminated against her; the complaint is devoid of specific facts that support her claim.  She generally alleges that the defendants' policies and administration of the policies are adversely impacting her, but she does not describe exactly how she has been injured.  Nor does she name or describe any specific policy or policies that she is challenging, or how these policies have caused her injury.  The only portion of her complaint that challenges a specific policy is where she alleges that Lumpkin has failed to amend the TDCJ grooming standards.  (*See* Docket

5

Entry No. 23 at 40). Although Alexander points to this policy, she does not describe the portion of the grooming standards that has injured her or how she would like the policy changed. She asserts no facts as to how this policy applies to her or affects her. Alexander, who has put forth only general statements and legal conclusions and not specific facts in support of her Fourteenth Amendment claim, has failed to state a claim on which relief may be granted, and this claim must be dismissed on that basis. *See, e.g.*, *Propes v. Mays*, 169 F. App'x 183, 185 (5th Cir. 2006) ("A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim.") (citing *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990)); *Arsenaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982) (affirming dismissal of § 1983 complaint for failure to state a claim when plaintiff, after being provided with the opportunity to amend his complaint, did not amend the conclusory allegations in the complaint to make them specific); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (stating that a § 1983 plaintiff must file a "short and plain statement of his complaint . . . that rests on more than conclusions alone"); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1983) (explaining that conclusory allegations will not suffice to prevent dismissal for failure to state a claim); *Armour v. Davis*, No. 6:18cv535, 2020 WL 2850140, at *21 (E.D. Tex. June 1, 2020) ("The Fifth Circuit has held the description of a policy or custom and its relationship to the alleged underlying constitutional violation cannot be conclusory but must contain specific facts.") (citing cases).

To the extent Alexander attempts to bring claims under the Eighth Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), or the Civil Rights of Institutionalized Persons Act (CRIPA), such claims will also be dismissed.

To state a claim for an Eighth Amendment violation, a plaintiff must allege that the conditions of his confinement "pose a substantial risk of serious harm" and that the defendant

prison officials were deliberately indifferent to the inmate's health or safety. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). Alexander offers only conclusory statements that the defendants acted with deliberate indifference (*see* Docket Entry No. 23 at 31, 41); she does not allege *facts* that indicate that any of the defendants knew of and disregarded an excessive risk to her health or serious medical needs. Alexander's conclusory statements do not meet her burden to plead specific facts showing that the defendants violated her Eighth Amendment rights. *See Schultea*, 47 F.3d at 1433; *Fernandez-Montes*, 987 F.2d at 284. Any Eighth Amendment claim is dismissed for failure to state a claim on which relief can be granted.

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Under the RLUIPA, a plaintiff bears the burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *See Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 613 (5th Cir. 2008). Once the plaintiff meets this burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Id.* (citing 42 U.S.C. § 2000cc-2(b)).

Besides including the phrase "Religious Land Use and Institutionalized Persons Act" in the complaint, *see* Docket Entry No. 23 at 4, the court cannot discern any facts that would support a RLUIPA claim. Alexander does not identify or describe any religious exercise that is allegedly being burdened; rather, the complaint focuses entirely on the alleged Fourteenth Amendment violation. (*See* Docket Entry No. 23 at 4, 30–44). Accordingly, any purported RLUIPA claim must be dismissed for failure to state a claim upon which relief may be granted.

Finally, Alexander nominally asserts that she is entitled to relief under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997. (*See* Docket Entry No. 23 at 4). This statute authorizes the United States Attorney General to institute civil actions against certain institutions for violating the civil rights of persons confined or residing in those institutions. *See Price v. Brittain*, 874 F.2d 252, 262–64 (5th Cir. 1989); *Pope v. Bernard*, No. 10-1443, 2011 WL 478055, at *1 (1st Cir. Feb. 10, 2011) (per curiam); *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986). Courts addressing the issue, however, have held that the statute does not create a private right of action for individual litigants. *See McRorie*, 795 F.2d at 782 n.3; *Pope*, 2011 WL 478055, at *1. Accordingly, any claims brought under the Civil Rights for Institutionalized Persons Act are dismissed for failure to state a claim on which relief can be granted.[3]

---

[3] The court notes that this case could be dismissed based on Alexander's failure to comply with the court's November 7, 2022, order. In that order, the court instructed Alexander to submit an amended complaint that complied with Rule 8. Alexander was advised that if she needed additional space than that provided on the form complaint—which is five pages in length—she could attach no more than 15 additional pages. (*See* Docket Entry No. 15 at 2). The court warned Alexander that an amended complaint that did not comply with the court's order would be automatically stricken from the record. (*Id.*). Alexander's amended complaint is 45-pages, which exceeds the page limit in the court's November 7, 2022, order by 25 pages. Although the court could dismiss this case based on Alexander ignoring the court's directive to stay within a certain page limit, the court instead dismisses the case with prejudice after screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IV.     Conclusion**

For the reasons stated above, the court orders that the civil action filed by Darrold Latrell Alexander, a/k/a Alexis D. Alexander, is dismissed. The claims are dismissed with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim on which relief may be granted. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the plaintiff. The Clerk will also send a copy to the manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov. Final judgment is entered separately.

SIGNED on June 9, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge